UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERRY GUSTIN, ELDA GARCIA,
and WESLEY WELLING,

                **Plaintiffs,**

-vs-                                                                       Case No. 6:08-cv-57-Orl-31DAB

PAUL A. HOFFMAN, EDWARD S.
DIGGES, JR., and KATHERINE KERR,

                **Defendants.**

## ORDER

This matter comes before the Court on Defendant Paul Hoffman's Motion to Dismiss (Doc. 56) and Plaintiffs' Response thereto (Doc. 65).

Plaintiffs Jerry Gustin ("Gustin"), Elda Garcia ("Garcia") and Wesley Welling ("Welling") bring this action against Defendants Paul A. Hoffman ("Hoffman"), Edward S. Digges, Jr. ("Digges") and Katherine Kerr ("Kerr") alleging fraudulent transfer and violations of the Securities Exchange Act of 1934. (Doc. 54). The fraudulent scheme that is the basis for this action is also the subject of three other actions pending in this court: *SEC v. Digges, et al.*, Case No. 6:06-cv-137-Orl-31DAB, *Silver v. Digges, et al.*, Case No. 6:06-cv-290-Orl-31GJK and *Silver v. Hoffman*, Case No. 6:07-cv-1670-Orl-31DAB.

**I. Personal Jurisdiction**

Hoffman argues, *inter alia*, that this Court lacks personal jurisdiction over him. "A court must address a challenge to its exercise of personal jurisdiction before looking at the other claims

in a motion to dismiss." *New Lenox Indus. v. Fenton*, 510 F. Supp. 2d 893, 900-01 (M.D. Fla. 2007).

> [T]he plaintiff, has the burden of establishing a prima facie case of personal jurisdiction. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). . .
>
> Where, as here, the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. *Id.* Where [Plaintiff's] complaint and supporting affidavits and documents conflict with the Defendants' affidavits, we must construe all reasonable inferences in favor of the plaintiff. *Id*.

*Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

> Florida has a two-step inquiry for determining whether there is long-arm jurisdiction over a nonresident defendant in Florida. *Wendt,* 822 So. 2d at 1257. First, the court must determine whether the plaintiff's complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute, i.e., whether defendant performed any of the acts delineated in the statute. *Id*. If such facts are alleged, it must determine whether there are sufficient minimum contacts between the defendant and Florida to satisfy the Fourteenth Amendment's due process requirements. *Id*. "Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." *Taskey v. Burtis*, 785 So. 2d 557, 559 (Fla. 4th DCA 2001).

*Woodard Chevrolet, Inc. v. Taylor Corp.*, 949 So. 2d 268, 270 (Fla. 4th DCA 2007).

Plaintiffs allege that this Court has personal jurisdiction over Hoffman under Fla. Stat. § 48.193(1)(a) because this action arises out of Hoffman's business activities in Florida. (Doc. 54 at 7). Plaintiffs' Amended Complaint contains sufficient allegations that Hoffman has conducted business in Florida. However, Hoffman has submitted an affidavit, in which he avers that he does not do business in Florida and has no ownership or managerial interest in the entities through which Plaintiffs allege he has acted. (Doc. 60-2).

Plaintiffs have responded by providing Hoffman's deposition, taken on July 20, 2006 in the *SEC v. Digges* action, in which Hoffman testifies that he did have an ownership interest in "Televest", which is the "umbrella organization" of the alleged fraudulent scheme. (Doc. 65-2 at 37). Furthermore, Hoffman testified that he was aware that Televest would be conducting business in Florida because the laws were more favorable to its purposes. (Doc. 65-2 at 35-37). This creates a factual dispute, which at this time, must be resolved in favor of Plaintiffs. *See Stubbs*, 447 F.3d at 1360. These facts, taken in the light most favorable to Plaintiffs, clearly show that Hoffman purposely availed himself of the laws of Florida, did business in this state, and should have reasonably expected to be haled into Court here. Thus, this Court finds that it may exercise personal jurisdiction over Hoffman in this action.

**II. Duplicative Action**

Hoffman also argues that this case should be dismissed because it is duplicative of the action filed by the Receiver against him, *Silver v. Hoffman*, Case No. 6:07-cv-1670-Orl-31DAB.

> "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). Courts abuse that discretion, however, by dismissing or staying a case that is not "duplicative." *Id*. at 1552. "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *Id*. at 1551.

*Peter Brasseler Holdings, L.P. v. Gebr. Brasseler GmbH & Co. KG, Kobra, Inc.*, 2007 U.S. Dist. LEXIS 36915 (S.D. Ga. May 21, 2007).

Plaintiffs state that they have brought the instant, apparently duplicative, action because

> [w]hile Plaintiffs are technically creditors of the Receivership estate, notwithstanding the Receiver's diligent efforts, it is unlikely that Plaintiffs will receive more than a small fraction of the losses they suffered at the hands of the Defendants through the Defendants' Entities' claims process. Consequently, this lawsuit seeks to recover Plaintiffs' losses directly from those who controlled the Defendants' Entities – [Digges and Hoffman] – and those who received investor funds via fraudulent transfers designed to hinder the investors' ability to recover their losses.

(Doc. 54 at 2-3).

Plaintiffs admit that if the Receiver successfully recovers in the *Silver v. Hoffman* case, they would be unable to recover in this action.

> However, Hoffman did assert the defense that the Receiver does not have standing to assert his claim under Florida Statute, Chapter 726, Florida's Uniform Fraudulent Transfer Act ("FUFTA"). While this Court rejected Hoffman's argument with respect to the Receiver's case, Plaintiffs cannot be sure that the opinion will ultimately be upheld on appeal, should Hoffman choose to appeal the issue. Because neither the Eleventh Circuit Court of Appeals nor any binding state court has definitively resolved the issue of whether an equitable receiver has standing to assert a claim under FUFTA, Plaintiffs seek to preserve their claim against Hoffman and the other Defendants under FUFTA in order to preserve the claim in the event it is not resolved in the Receiver's favor.

(Doc. 65 at 16, n4). Thus, Plaintiffs admit that they have filed this action as a placeholder, in the event that Hoffman successfully appeals this Court's Order in the *Silver v. Hoffman* case.[1] This is simply not permissible. Accordingly, it is

**ORDERED** that Paul A. Hoffman's Motion to Dismiss (Doc. 56) is **GRANTED**. Plaintiffs' claims against Defendant Hoffman are **DISMISSED** without prejudice.

---

[1] Plaintiffs allege that Count I, which alleges violations of the Securities Exchange Act, is not duplicative of the claims asserted in Silver v. Hoffman, but fails to provide any support for this contention. Because Count I seeks the same relief and relies on the same allegations as Count III, this Court finds that it is duplicative of the other action as well.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 29, 2008.

                                                                              _____
                                                                              GREGORY A. PRESNELL
                                                                              UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party