# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JERRY GUSTIN, ELDA GARCIA,**
**and WESLEY WELLING,**

<b>Plaintiffs,</b>

-vs-                                         **Case No. 6:08-cv-57-Orl-31DAB**

**EDWARD S. DIGGES, JR.,**

<b>Defendant.</b>

_____

## FINAL ORDER GRANTING CLASS CERTIFICATION, APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES AND COSTS, AND DISMISSING CLAIMS

Plaintiffs, Jerry Gustin, Elda Garcia, and Wesley Welling, individually and in their

representative capacity for all those similarly situated, and Defendant Paul Hoffman ("Hoffman"),

seeking to settle all claims alleged against Hoffman in this class action, submitted for final

approval a proposed settlement as memorialized in the Class Action Settlement Agreement dated

May 18, 2009 (the "Settlement Agreement") (Doc. 148-2). Plaintiffs further sought to dismiss all

claims against Defendant Edward S. Digges, Jr. ("Digges") without prejudice and accordingly filed

the Notice of Plaintiffs' Intent to Seek Dismissal of Claims Against Edward S. Digges, Jr. (Doc.

147). In addition, Plaintiffs filed their Motion for Attorneys' Fees (Doc. 145). The Court held a

fairness hearing on November 20, 2009 (Doc. 152). For the reasons detailed below, the Court

finds that the Settlement Agreement is fair, reasonable, and adequate and should be approved.

Accordingly, the Court issues this Final Order Granting Class Certification, Approving Settlement,

Awarding Attorneys' Fees and Costs, and Dismissing Claims (the "Final Order"), and it is therefore

>**ORDERED AND ADJUDGED** that:

Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Settlement Agreement (Doc. 148-2).

On August 13, 2009, the Court entered its Order Granting Amended Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Certification of Settlement Class (Doc. 149) (the "Preliminary Approval Order"). The Preliminary Approval Order preliminarily approved the Settlement Agreement, required the issuance of Notice to the Settlement Class, and set a Final Fairness Hearing for Friday, November 20, 2009.

On November 19, 2009, Plaintiffs filed their Notice of Filing Declaration of Scott M. Dimond Attesting to Compliance with Court's August 13, 2009 Order (Doc. 151), which: (a) confirmed Plaintiffs' compliance with the deadlines for service of Notice established by the Preliminary Approval Order; and (b) apprised the Court that no opt-outs from the Settlement Class, objections to the Settlement Agreement, or requests to intervene in this action had been received by Plaintiffs' counsel or the Claims Administrator in advance of the Final Fairness Hearing.

On November 20, 2009, this Court held the Final Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreement and consider Plaintiffs' Motion for Attorneys' Fees. No objectors to the Settlement Agreement appeared at the Final Fairness Hearing.

In reaching its decision in this case, the Court considered the Settlement Agreement and other relevant documents in support of the fairness, reasonableness, and adequacy of the Settlement Agreement.

The Settlement Agreement benefits include Hoffman making the Settlement Payment in the amount of Seven Hundred Thousand Dollars ($700,000.00) for the benefit of the Plaintiffs, Hoffman contributing one half of the costs of the claims administration process, up to $10,000 and Hoffman paying the mediator fees for Jeffrey Grubman, Esq. in the amount of $3,000. The net Settlement Payment shall be distributed to the Settlement Class by the Claims Administrator on a *pro-rata* basis based upon each Settlement Class member's capital loss (net out-of-pocket loss based upon funds invested less funds withdrawn – *i.e.,* money in less money out) in relation to the total capital loss realized by the Settlement Class as a whole. In return, all claims alleged against Hoffman in the Fourth Amended Complaint shall be dismissed with prejudice and all Settlement Class members will provide a release of claims against the Releasee as stated in the Settlement Agreement.

## CLASS CERTIFICATION

In its Preliminary Approval Order, the Court conditionally certified the Settlement Class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. In entering this Final Order, the Court has once again considered the class certification prerequisites set forth in Rule 23(a) and (b)(3) and again finds that these prerequisites are satisfied in this case.

The Court finds that: (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of both law and fact common to the Class; (c) the Plaintiffs' claims are typical of the claims of all members of the Class; (d) the named Plaintiffs and counsel

for the Class Plaintiffs have fairly and adequately represented and will fairly and adequately protect the interests of the Class, all pursuant to Fed.R.Civ.P. 23(a). The Court additionally finds that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that this class action is superior to other available methods for the fair and efficient adjudication of this controversy, pursuant to Fed.R.Civ.P. 23(b)(3). In making the latter determination the Court has considered the following: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

This Settlement Class is now finally certified.

## NOTICE TO THE CLASS

In its Preliminary Approval Order, this Court preliminarily approved the Notice, and found that the proposed form and content thereof satisfied the requirements of due process, Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, and the Rules of this Court.

Class Counsel timely caused the Notice, which was the best notice practicable under the circumstances, to be mailed by first class mail, postage prepaid, to each of the Settlement Class members at their last known addresses.

None of the Settlement Class members have objected to the Settlement Agreement and none have requested to be excluded from the Settlement Class.

The Court has again reviewed the Notice and the accompanying documents and reaffirms its prior finding and holds that the "best practicable" notice was given to the Settlement Class members and that the Notice was reasonably calculated to advise each member that: (a) the Court would exclude the member from the class if the member so requested by a specified date; (b) this Final Order, whether favorable or not, would include all Settlement Class members who did not request exclusion; and (c) any Settlement Class member who did not request exclusion could, if the Settlement Class member desired, enter an appearance through counsel.  The Court thus reaffirms its findings that the Notice given to the Settlement Class members satisfies the requirements of due process and holds that it has personal jurisdiction over all Settlement Class members.

## THE SETTLEMENT

The Court must determine whether the proposed Settlement Agreement is "fair, adequate and reasonable and is not the product of collusion" between the parties.[1]  In making this determination, the Court considers six factors: (1) the likelihood that Plaintiffs would prevail at trial; (2) the range of possible recovery if Plaintiffs prevailed at trial; (3) the fairness of the settlement compared to the range of possible recovery, discounted for the risks associated with litigation; (4) the complexity, expense, and duration of litigation; (5) the substance and amount of

---

[1]*Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984); *see also In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 207 (5th Cir. 1981).

opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved.[2]

In considering this Settlement Agreement, the Court need not and does not decide the merits of this action.

This Court, after considering the aforementioned factors, finds that the Settlement Agreement provides for a reasonable and adequate recovery that is fair to all Settlement Class members.[3]

No Settlement Class members have objected to the Settlement, and no Settlement Class members have opted out of the Settlement Agreement.  That weighs in favor of approving the Settlement.[4]

This Court also may consider the opinions of the participants, including Class Counsel.[5] Here, Class Counsel has experience in the prosecution of large, complex matters, securities claims, and class actions.  Counsel for Hoffman is likewise experienced.  The Court gives credence to the opinion of counsel, amply supported by the Court's independent review, that this Settlement Agreement is a beneficial resolution of the claims alleged against Hoffman in the Fourth Amended Complaint by the Plaintiffs.

_____

[2]*See Bennett*, 737 F.2d at 986; *Corrugated Container*, 643 F.2d at 212; *Behrens v. Wometco Enters, Inc.*, 118 F.R.D. 534, 538-90 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990).

[3]*See Bennett*, 737 F.2d at 986-87.

[4]*See, e.g., Bennett* at 988 n.10 (holding that the district court properly considered the number of objections in approving a class settlement).

[5]*See Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

In addition to finding the terms of the proposed Settlement Agreement fair, reasonable, and adequate, this Court must determine that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement Agreement's terms.[6]  In this case, there is no suggestion of fraud or collusion between the parties.  Furthermore, the terms of the Settlement Agreement make it clear that the process by which the parties entered into the Settlement Agreement was fair.[7]

The terms of the Settlement Agreement are fully and finally approved as fair, reasonable, adequate and in the best interest of the Settlement Class.  The Settlement Agreement is hereby approved and adopted as an Order of this Court.

The Settlement Agreement provides that Class Counsel would make an application to this Court for an award of attorneys' fees and costs.  Pursuant to *Camden I Condominium Assoc. v. Dunkle,*[8] the attorneys' fee award should be "based on a reasonable percentage of the fund established for the benefit of the class."[9]  The significantly beneficial result achieved by Class Counsel, specifically the monetary benefits for the Settlement Class members, together with the time and effort required, and the lack of objections by Settlement Class members, substantiate the award of 33% of the Settlement Payment totaling $233,333.33 in attorneys' fees, current costs of $18,955.25, plus any costs reasonably expended hereafter in connection with this case and the

---

[6]*See Bennett*, 737 F.2d at 986; *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428-29 (5th Cir. 1977).

[7]*See Miller*, 559 F. 2d at 429; *Ressler v. Jacobson*, 822 F. Supp. 1551, 1554-55 (M.D. Fla. 1992).

[8]*Camden*, 946 F.2d at 768.

[9]*Id.* at 774.

claims and distribution process.  In view of the *Camden I* factors, these awards are reasonable and fair.

Class Counsel has also applied to the Court for an incentive payment to Plaintiff Jerry Gustin in the amount of $5,000 and for incentive payments to Plaintiffs Elda Garcia and Wesley Welling in the amount of $2,500 each.  The Court approves these awards to the named Plaintiffs and finds them reasonable and fair. All of the above awards shall be paid exclusively from the Settlement Payment by January 15, 2010.

In addition, Soneet Kapila of Kapila & Company, in his capacity as Claims Administrator, is entitled to an award of reasonable fees and reimbursement of his expenses and costs incurred in connection with the claims administration process.  Hoffman will bear one-half of the reasonable costs of the notice and claims administration process, up to a cap of $10,000.  Mr. Kapila shall submit a request for the fees and expenses incurred in the claims administration process to Class Counsel for approval and disbursement from the Settlement Payment.[10]

All claims alleged against Hoffman in the Fourth Amended Complaint, including all claims brought by the Plaintiffs and the Settlement Class, shall be and the same are hereby dismissed on the merits with prejudice.

---

[10]As stated during the fairness hearing, Plaintiffs' counsel is ordered to submit a final report, by means of a notice to be filed on or before January 15, 2010, that will apprise the Court of: (1) Hoffman's compliance with his obligation to pay the Settlement Amount on or before January 8, 2010; (2) Plaintiffs having made a distribution of the Settlement Payment net of attorneys' fees and costs to Class Members on or before January 15, 2010; and (3) an accounting of the use of all settlement proceeds, including the precise amount of distributions made to Class Members and the final costs relating to this matter.

Upon consideration of the Notice of Dismissal, the Court determines that all claims alleged against Digges in the Fourth Amended Complaint, including all claims brought by the Plaintiffs and the Settlement Class, shall be and the same are hereby dismissed without prejudice, with such dismissal to become effective on January 15, 2010.

Without limiting any terms of the Settlement Agreement, the Settlement Agreement and this Final Order, including all exhibits hereto, shall forever be binding upon, and along with the claims hereby released, shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by Plaintiffs, including all members of the Settlement Class, as well as their heirs, executors, administrators, successors, and assigns.

The Plaintiffs, including all members of the Settlement Class, have provided a release of claims against the Releasee, as defined in the Settlement Agreement, and are thus barred from pursuing any claims against the Releasee, as stated in the Settlement Agreement.

Without in any way affecting the finality of this Final Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order, and for any other necessary purpose.  But irrespective, if Hoffman fails to pay the amounts due under the Settlement Agreement by January 8, 2010, this Final Order shall be converted into and deemed a Final

Judgment against Hoffman for all amounts due from him under the Settlement Agreement, for which execution will issue according to law.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 22, 2009.

Copies furnished to:

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Counsel of Record
Unrepresented Party

-10-